**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**EDNA V. ALBRIGHT,**

    Plaintiff,

v.                                                           **CIVIL ACTION NO.: 3:15-CV-52**
                                                                 **(GROH)**

**BENEFICIAL WEST VIRGINIA, INC.,**
**and CALIBER HOME LOANS, INC.,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

Currently pending before the Court is the Plaintiff's Motion to Remand [ECF No. 12], filed on May 18, 2015. Both Defendants filed their Responses in Opposition [ECF Nos. 21 and 22] on June 1, 2015. On June 8, 2015, the Plaintiff filed her Reply [ECF No. 26]. The Court notes that there are dispositive motions pending in this case.[1] For the reasons set forth below, the Court **GRANTS** the Plaintiff's Motion to Remand and accordingly **REMANDS** the proceeding to the Circuit Court of Berkeley County, West Virginia.

**I. Background**

On July 28, 2011, the Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District

---

[1] The dispositive motions are Defendant Caliber Home Loans, Inc.'s Motion to Dismiss [ECF No. 3] and Defendant Beneficial West Virginia, Inc.'s Motion to Dismiss [ECF No. 10]. Further, there are two non-dispositive motions pending: Plaintiff's Motion to Hold in Abeyance [ECF No. 15] and Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 18].

of West Virginia. Chapter 7 Voluntary Petition, In re Albright, No. 3:11-bk-01383 (Bankr. N.D. W. Va. Dec. 6, 2011), ECF No. 1. By September 12, 2011, the trustee of the Plaintiff's bankruptcy estate certified "that the estate . . . [had] been fully administered." Docket Text, In re Albright, No. 3:11-bk-01383. On December 6, 2011, the Bankruptcy Court entered orders discharging the Plaintiff and closing the case. Order Discharging Debtor and Final Decree, In re Albright, No. 3:11-bk-01383, ECF Nos. 16 and 17.

More than three years after the administration of her bankruptcy estate and closing of her bankruptcy proceeding, on March 27, 2015, the Plaintiff filed this lawsuit against Defendants Caliber Home Loans, Inc. ("Caliber"), and Beneficial West Virginia, Inc. ("Beneficial"), in the Circuit Court of Berkeley County, West Virginia. On May 4, 2015, Defendant Caliber timely removed the case to this Court pursuant to 28 U.S.C. §§ 1334, 1446 and 1452. ECF No. 1. Thereafter, on May 13, 2015, the Plaintiff filed an amended complaint. ECF No. 8. In her amended complaint, the Plaintiff alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") based upon the Defendants' (1) abusive conduct toward the Plaintiff in an attempt to collect a debt in violation of W. Va. Code § 46A-2-125; (2) misleading representations in an attempt to collect claims in violation of W. Va. Code § 46A-2-127; (3) false representations as to the amount and status of claims against the Plaintiff in violation of W. Va. Code § 46A-2-127(d); and (4) use of unfair means to collect a debt from the Plaintiff in violation of W. Va. Code § 46A-2-128(e). On its face, the Plaintiff's amended complaint fails to raise any violations of federal law.

In her motion to remand, the Plaintiff asserts that her claims against the Defendants fail to "arise under," "arise in" or "relate to" a case under Title 11, and therefore

this Court does not have subject matter jurisdiction over the claims. The Plaintiff further avers that even if this Court were to find that the claims are related to a case under Title 11, the Court would be required to abstain from hearing them pursuant to 28 U.S.C. § 1334(c)(2).

In Defendant Caliber's response, it argues that the Plaintiff's state law cause of action constitutes a "core proceeding" that arises under Title 11 because the claims are premised upon the Plaintiff's freedom from creditor communications in light of her bankruptcy discharge. Defendant Caliber alleges that the Plaintiff's state law cause of action is, in actuality, a plea for relief from the Defendants' violation of the automatic bankruptcy discharge injunction[2] created by 11 U.S.C. § 524(a)(2).[3] Defendant Caliber contends that the United States Bankruptcy Court for the Northern District of West Virginia has exclusive jurisdiction to hear the Plaintiff's claims. Caliber further asserts that all of the Plaintiff's state law claims, except for the W. Va. Code § 46A-2-128(e) claim,[4] are preempted by § 524 of the United States Bankruptcy Code.[5]

---

[2] Defendant Caliber avers that the Plaintiff's claims would not exist but for the bankruptcy discharge injunction, which arose out of her previous bankruptcy proceeding.

[3] 11 U.S.C. § 524 governs the effect of discharge in a bankruptcy proceeding. Section 524(a)(2) provides:

> (a) A discharge in a case under this title--
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

[4] W. Va. Code § 46A-2-128(e) prohibits communications "with a consumer . . . after the debt collector receives written notice . . . that the consumer is represented by an attorney specifically with regard to the subject debt." Caliber contends that the Court may exercise supplemental jurisdiction over the § 46A-2-128(e) claim or, in the alternative, the Court can sever and remand the § 46A-2-128(e) claim.

[5] Defendant Caliber argues that the Plaintiff's W. Va. Code §§ 46A-2-125, 46A-2-127 and 46A-2-127(d) claims are preempted because the Bankruptcy Court has exclusive jurisdiction to hear those claims. Defendant Caliber quotes In re Johnston, 362 B.R. 730, 737 (Bankr. N.D. W. Va. Mar. 2, 2007), for the premise that "state law causes of action that would allow a debtor to collect damages for a violation of the

In Defendant Beneficial's response, it also argues that the Plaintiff's state law claims are actually claims asserting violations of the discharge injunction. Beneficial asserts that this Court retains jurisdiction over all of the Plaintiff's claims pursuant to 28 U.S.C. § 1331 because it must be determined whether the Plaintiff's WVCCPA claims are indeed violations of 11 U.S.C. § 524(a)(2). Thus, Beneficial argues that this case depends upon an interpretation of federal law.

In her reply, the Plaintiff elucidates the arguments set forth in her amended complaint. The Plaintiff asserts that her claims are wholly unrelated to bankruptcy and are not claims attempting to enforce the discharge injunction in her previous bankruptcy proceeding. The Plaintiff contends that not all claims that violate the WVCCPA also violate § 524 of the United States Bankruptcy Code. Therefore, the Plaintiff claims that her state law cause of action exists outside of bankruptcy.[6]

Upon a review of the parties' motions and relevant authority, this Court ascertains that it must initially determine whether it has subject matter jurisdiction to hear the Plaintiff's claims. Upon thoughtful examination, it finds that it does not.

## II. Applicable Law

Consideration of 28 U.S.C. §§ 1452(a) and 1334 is necessary to determine whether this Court has jurisdiction over the Plaintiff's claims. Section 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for

---

discharge injunction are foreclosed by the remedies provided by § 524 of the Bankruptcy Code." ECF No. 21 at 6. While Judge Flatley was most certainly correct in his oration of the law in <u>Johnston</u>, it must be determined whether or not the Plaintiff's state law cause of action in this case is in fact a cause of action seeking to collect damages from the Defendants *for a violation of the discharge injunction* ordered by the Bankruptcy Court. If it is not, then the Plaintiff's state law claims are not foreclosed by § 524 of the United States Bankruptcy Code.

[6] The Plaintiff cites to <u>In re Harlan</u> for this assertion. 402 B.R. 703, 711 (Bankr. E.D. Va. 2003).

the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [§] 1334 . . . ." Pursuant to § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Title 11 of the United States Code governs bankruptcy and the terms "arising under," "arising in" and "related to" are terms with special meanings in relation to bankruptcy law. See, e.g., New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 150-51 (4th Cir. 2000).

### A. "Arising in" and "arising under" jurisdiction

Claims or proceedings that "arise under" or "arise in" Title 11 are considered "core" proceedings. See Matter of Wood, 825 F.2d 90, 95-98 (5th Cir. 1987); 3rd Time Trucking, LLC v. Mass. Mut. Life Ins. Co., No. 3:11-cv-68-JPB, 2011 WL 4478491, at *4 (N.D. W. Va. Sept. 26, 2011). A proceeding arises under Title 11 "if it is a cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy." In re Kirkland, 600 F.3d 310, 316 (4th Cir. 2010). Examples of proceedings that arise under Title 11 "include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate." Barge v. W. S. Life Ins. Co., 307 B.R. 541, 544 (S.D. W. Va. 2004) (citing 1 Collier on Bankruptcy ¶ 3.01(4)(b)(iv) (15th ed. 2003)). A proceeding arises in Title 11 when it is "not based on any right expressly created by Title 11, but nevertheless . . . would have no practical existence *but for* the bankruptcy." Valley Historic Ltd. P'ship v. Bank of NY, 486 F.3d 831, 835 (4th Cir. 2007); In re AH Robins Co., Inc., 86 F.3d 364, 372 (4th Cir. 1996).

5

**B. "Related to" jurisdiction**

A proceeding that is "related to a case under title 11, but not arising under title 11, or arising in a case under title 11" is a "non-core" proceeding. Bowles v. Massey Energy Co., No. 2:12-cv-05997, 2012 WL 6628953, at *4 (S.D. W. Va. Dec. 19, 2012) (internal quotations omitted). A proceeding is related to a case under Title 11 "if the outcome [of the proceeding] could alter the debtor's rights, liabilities, options, or freedom of action . . . and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate." New Horizon, 231 F.3d at 151 (citing Spartan Mills v. Bank of Am. Ill., 112 F.3d 1251, 1255-56 (4th Cir. 1997)). Furthermore, "common issues of fact between a civil proceeding and a controversy involving a bankruptcy estate" alone "does not bring the matter within the scope of [§ 1334(b)]." Id. (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293-95 (3d Cir. 2012));[7] see also Valley Historic, 486 F.3d at 836.

---

[7] In Nuveen, the Third Circuit distinguished its previous holding in Pacor:

> There is one twist to the otherwise straightforward application of Pacor's conceivability standard. If an action is brought after the confirmation of a plan in a related bankruptcy proceeding, the post-confirmation context of the dispute alters the related to inquiry. Because a bankruptcy court's jurisdiction wanes after the confirmation of a case, retention of bankruptcy jurisdiction may be problematic . . . . At the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred. Nonetheless, courts do not usually apply Pacor's effect on the bankruptcy estate test so literally as to entirely bar post-confirmation bankruptcy jurisdiction. Instead, they apply varying standards that focus on whether the action could conceivably affect the implementation of the confirmed plan.

Nuveen, 692 F.3d at 294-95 (internal citations and quotations omitted).

**C. Lack of jurisdiction and abstention**

If a proceeding fails to relate to, arise in or arise under Title 11, then the district court lacks jurisdiction under 28 U.S.C. § 1334(b) and must remand. Furthermore, if (1) a party makes a timely motion for abstention or remand and (2) the proceeding is related to a case under Title 11, but does not arise under or arise in Title 11, and such proceeding (3) is "based upon a [s]tate law claim or [s]tate law cause of action," (4) "could not have been commenced in a court of the United States absent jurisdiction under [§ 1334]" and (5) "can be timely adjudicated . . . in a [s]tate forum," then pursuant to § 1334(c)(2) the district court must abstain from hearing the case.

Moreover, if the district court has arising under or arising in jurisdiction over a bankruptcy proceeding, then pursuant to § 1334(c)(1) it may exercise permissive abstention. Permissive abstention allows a district court to, "in the interest of justice, or in the interest of comity with [s]tate courts or respect for [s]tate law," abstain from hearing a bankruptcy proceeding. 28 U.S.C. § 1334(c)(1). Furthermore, irrespective of mandatory and permissive abstention under § 1334, a district court may exercise abstention in a bankruptcy proceeding "on any equitable ground," as provided by § 1452(b).

**III. Analysis**

First, the Plaintiff's claims are not related to a proceeding under Title 11. As of September 12, 2011, the Plaintiff's bankruptcy estate had been fully administered. Approximately three months later, the Bankruptcy Court entered an order granting the Plaintiff a discharge under 11 U.S.C. § 727. It does not appear to this Court that either

Defendant requested a revocation of the discharge under 11 U.S.C. § 727(e).[8]  More than three years after the closing and administration of her bankruptcy estate, the Plaintiff filed this action in the Circuit Court of Berkeley County, West Virginia, alleging state law violations against the Defendants.

Because the Plaintiff's bankruptcy proceedings were closed and the administration of her bankruptcy estate was finalized more than three years before the commencement of the instant proceeding, it is apparent to this Court that "the bankruptcy estate will be wholly unaffected by the outcome of the [current] litigation." In re Johnston, Bankruptcy No. 05-6288, 2007 WL 1166017, at *6 (Bankr. N.D. W. Va. Apr. 12, 2007); see also In re Kirkland, 600 F.3d at 318.  Therefore, because the proceeding before this Court will not "impact[ ] . . . the handling [or] administration of the [Plaintiff's] bankrupt estate," the proceeding is not related to a case in bankruptcy.  See New Horizon, 231 F.3d at 151.

Second, just as the Plaintiff's claims fail to relate to her prior bankruptcy proceeding, her claims also fail to arise in that proceeding.  The Plaintiff's claims against the Defendants for (1) engaging in oppressive and abusive conduct in the course of attempting to collect a debt, (2) using fraudulent or deceptive representations in order to collect claims, (3) falsely representing the amount of a claim and (4) using unfair means to collect a debt, are claims that could survive in their own right, regardless of whether or

---

[8] Pursuant to 11 U.S.C. § 727(e),

> The trustee, a creditor, or the United States trustee may request a revocation of a discharge--
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
> (2) under subsection (d)(2) or (d)(3) of this section before the later of--
> (A) one year after the granting of such discharge; and
> (B) the date the case is closed.

8

not the Plaintiff ever filed for bankruptcy. See, e.g., In re Harlan, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009). Therefore, the claims indeed have a "practical existence but for the bankruptcy," and thus do not arise in the Plaintiff's bankruptcy proceeding that was discharged and closed in 2011. Valley Historic, 486 F.3d at 835; In re AH Robins Co., Inc., 86 F.3d at 372; see also In re Kirkland, 600 F.3d at 318.

Third, as the Plaintiff's claims neither relate to nor arise in her prior bankruptcy proceeding, her claims most certainly do not arise under that proceeding. The Plaintiff's claims against the Defendants, which assert violations of West Virginia Code §§ 46A-2-125, 46A-2-127, 46A-2-127(d) and 46A-2-128(e), are not "cause[s] of action created by the Bankruptcy Code" and such claims indeed "exist[ ] outside [of] the context of bankruptcy." In re Kirkland, 600 F.3d at 316. Therefore, because all of the Plaintiff's state law claims fail to relate to, arise in or arise under Title 11, this Court lacks jurisdiction to hear the case.

Moreover, even if the Plaintiff's claims could be construed as relating to, arising in or arising under a case in bankruptcy, this Court would nevertheless decline to hear the instant proceeding for the following three reasons. First, if the Plaintiff's claims were related to a case under Title 11, but failed to arise in or arise under a case under Title 11, this Court, pursuant to 28 U.S.C. § 1334(c)(2), would be *required* to abstain from hearing the proceeding if it could be timely adjudicated in state court. Second, if the Plaintiff's claims arose in or arose under a case under Title 11, this Court would still have the authority to abstain from hearing the claims "in the interest of justice, or in the interest of comity with [s]tate courts or respect for [s]tate law . . . ." 28 U.S.C. § 1334(c)(1). Third, regardless of whether the claims could somehow establish related to, arising in or arising

under jurisdiction, because the Plaintiff's complaint is completely devoid of any reference to federal law and the parties before the Court are not diverse, it would be in the interests of justice, equity and comity that the Plaintiff's state law claims be heard in state court. See 28 U.S.C. § 1452(b).

## V. Conclusion

Accordingly, the Court **GRANTS** the Plaintiff's Motion to Remand [ECF No. 12] and **ORDERS** that this case be **REMANDED** to the Circuit Court of Berkeley County, West Virginia.

It is further **ORDERED** that the following Motions are **DENIED** as moot: Defendant Caliber Home Loans, Inc.'s Motion to Dismiss [ECF No. 3], Defendant Beneficial West Virginia, Inc.'s Motion to Dismiss [ECF No. 10], the Plaintiff's Motion to Hold Motions to Dismiss in Abeyance Pending Resolution of Plaintiff's Motion to Remand [ECF No. 15] and the Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 18].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Court of Berkeley County, West Virginia.

**DATED:** December 11, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE